IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XINGSHAO LI,<br><br>                Plaintiff,<br><br>     v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                Defendants. | Civil Action No.: 26-cv-95<br><br>Honorable Judge Matthew F. Kennelly<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PERSONAL JURISDICTION**

Plaintiff Xingshao Li ("Plaintiff"), by and through his counsel, submits this Memorandum in Support of Personal Jurisdiction over the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A to the Amended Complaint ("Defendants") pursuant to this Court's Order [9].

I.     INTRODUCTION AND STATEMENT OF FACTS

The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A to Plaintiff's Amended Complaint consists of fictitious, seller aliases operating on an online marketplace platform. *See* Exhibit C to Plaintiff's Amended Complaint. Defendants appear to operate under fictious aliases and/or business names, and with seemingly fictious addresses (if any), the vast majority of which are in China, and where all of which do not even appear to return an actual business or entity with the same seller alias name and/or business name, respectively, upon search. *Id.* Rather, Defendants are made-up, anonymous aliases, who are infringing a U.S.

patent, in the U.S., and taking U.S. consumer money back to overseas accounts. The only winners of this ***$500+ billion*** dollar scheme Defendants participate in are the owners and operators of these fictious, anonymous aliases – *whomever they may be* – all at the expense of U.S. intellectual property holders, the U.S. marketplace, and end consumers in the U.S. *See* Exhibit E to Plaintiff's Amended Complaint.

Plaintiff is the inventor, applicant, and owner of United States Patent No. D1,052,361 (hereinafter "Patent-in-Suit"). *See* Exhibit A to Plaintiff's Amended Complaint. Here, Plaintiff seeks to combat this "swarm of attacks" on its patent rights, and "filing individual causes of action…ignores the form of harm" Plaintiff faces. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020).

Plaintiff's Amended Complaint lists 113 fictious seller aliases. *See* Schedule A to Plaintiff's Amended Complaint. On January 14, 2026, Plaintiff moved for limited, expedited discovery of these fictious seller aliases, to attempt to determine the identities of Defendants and their respective sales of Infringing Products, as well as alternative service, to serve the fictitious seller aliases through the means most reasonably calculated to provide notice to Defendants. *See* Dkt. Nos. 7-8. On January 15, 2026, this Court noted its intent to ascertain whether there is jurisdiction over these aliases before addressing Plaintiff's Motions and ordered Plaintiff to file a memorandum addressing jurisdiction. *See* Dkt. No. 9.

Here, this Court has personal jurisdiction over each Defendant because each Defendant affirmatively chose to direct their offering for sale and/or sale of Infringing Products to U.S. consumers, including towards Illinois consumers, Plaintiff's claims arise out Defendants' actions, and exercising personal jurisdiction is reasonable and fair based upon the circumstances. Notwithstanding, many Defendants have consummated this affirmative offer for sale by

completing sales to residents in the U.S. and Illinois. At a minimum, Plaintiff submits those Defendants whom Plaintiff made test purchases from are subject to personal jurisdiction. Alternatively, Defendants appear to be foreign, fictious aliases who purposely exploited the U.S. market yet are not subject to jurisdiction in any single state, and as such, jurisdiction is proper over each Defendant under Rule 4(k)(2). In any event, Plaintiff has established more than a colorable basis for jurisdiction, and *sua sponte* dismissal at this preliminary stage, before service and without limited discovery into facts uniquely held by Defendants, would be improper. As such, Plaintiff submits the limited, expedited discovery is warranted to confirm at least a partial scope of Defendants' forum-directed activities.

II.     ARGUMENT

    A.     **Defendants directly target their infringing activities at this forum.**

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).

Here, Defendants have purposely directed their activities at the forum. As evidenced with factual support and alleged in Plaintiff's Amended Complaint, Defendants offer to sell and/or sell Infringing Products in Illinois; Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiff's Patent; Defendants are targeting sales from Illinois residents by operating online stores that offer shipping to Illinois; Defendants' sites accept payment in United States Dollars and are in English, despite appearing to be from China or other foreign jurisdiction; and Plaintiff's injury stems from Defendants' infringing activity in Illinois.

3

*See* Plaintiff's Amended Complaint at ¶ ¶ 33, 34, 37, 67, 68; *See also* Exhibits B.1-B.2, C to Plaintiff's Amended Complaint.

This is not boilerplate language. In reality, Defendants have affirmatively chosen Illinois as a target to offer for sale, sell, and ship Infringing Products. Defendants could have excluded the United States as a sale and shipment destination. Defendants could have excluded Illinois as a sale and shipment destination. Rather, Defendants willfully chose to offer sales and shipments of Infringing Products to Illinois. Irrespective of actual completion, this affirmative action establishes Defendants' "purposeful direction" at Illinois. This is especially true for Defendants, who appear to be operating out of a foreign jurisdiction and have the autonomy to pick and choose specific forums for their activities. By affirmatively picking Illinois as a forum to offer to sell and ship Infringing Products, Defendants were affirmatively availing themselves of the privilege of conducting business in Illinois such that it should be no surprise Defendants are haled into Court in the State they willful chose to operate in. Again, Defendants, under their own volition, had the choice of whether to offer sale and shipment to Illinois – and they so choose to.

In fact, numerous courts in this District have found that personal jurisdiction can exist where no Infringing Product was sold and shipped to the forum. *See Pit Viper, LLC v. Xi'An Jiaye Tengda Trading Co.*, No. 23 C 14761, 2024 LX 83569, at *12-13 (N.D. Ill. Dec. 9, 2024) (Court finding prima facie showing of personal jurisdiction established against online seller who affirmatively targeted state as shipment location, where order was cancelled and never shipped to that State.); *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015) ("In creating their online stores, defendants affirmatively selected a shipping template to ship counterfeit Monster Energy Products to United States and Illinois residents…As a result, defendants expressly elected to do business with the residents of all fifty states, including

4

Illinois."); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 428 (7th Cir. 2010) ("[I]t is easy to infer that GoDaddy's national marketing campaign is intended to reach as large an audience as possible, including the 13 million potential customers in the nation's fifth most populous state."); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) ("Hemi expressly elected to do business with the residents of forty-nine states…the net result is the same--Hemi stood ready and willing to do business with Illinois residents.").

As a result of Defendants' own affirmative action to offer sale and shipment of Infringing Products to Illinois, Defendants purposely directed their infringement activities to the State of Illinois. Defendants are not somehow automatically required to offer sale and shipment to the United States nor Illinois. Rather, Defendants purposefully directed their activities at Illinois, reaping benefits and conducting business herein.

Moreover, Defendants are not merely just operating interactive sites. Despite appearing to be from a foreign nation, Defendants' sites are in English and accept USD. The sole purpose of Defendants' Infringing Product sites are to engage in commerce in the U.S., including in the State of Illinois. There is no other plausible purpose or incentive behind Defendants' sites. In other words, Defendants' sites are not merely passive in nature but are purely commercial in nature and reap the privilege of conducting business in Illinois.

Finally, Plaintiff's injury stems from Defendants' forum-related activity of offering for sale and/or selling Infringing Products. Even if a Defendant made no sales, this is not a "no harm, no foul" scenario. The offering for sale of Infringing Products in the U.S., is by definition, still federal patent infringement.[1] Plaintiff has the exclusive right to the Patent-in-Suit. Defendants' offering

---

[1] 35 U.S.C. § 271 – "[W]hoever without authority makes, uses, **_offers to sell_**, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

Case: 1:26-cv-00095 Document #: 11 Filed: 01/29/26 Page 6 of 14 PageID #:1292

for sale and/or sale of Infringing Products in the U.S. is causing Plaintiff to suffer injuries, including but not limited to loss of exclusivity, loss of market share, loss of profits, inability to realize a return on investment, and loss of reputation and goodwill.

In sum, Plaintiff respectfully submits that the actual consummation of a sale is not a *per se* test as to whether Defendants "purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state." Rather, based on the well-plead allegations and concrete evidence thereof, Defendants appear to be domiciled in a foreign country, operate online sites in English and accept USD, affirmatively chose the U.S. and Illinois as a forum to engage in their illicit activities (when they were not required to), and whose sole purpose is to engage in commerce. Plaintiff respectfully submits that such facts and affirmative actions by each Defendant is purposeful direction at this forum.

Notwithstanding, many Defendants have consummated their affirmative actions of offering for sale and shipment of Infringing Products to Illinois. Here, six test purchases, from six different aliases, occurred. *See* **Exhibit A**. Plaintiff submits that this further underscores the purposeful direction and intent of each and every seller alias. However, at a minimum, Plaintiff submits those Defendants whom Plaintiff made test purchases from are subject to personal jurisdiction.

      **B.**      <u>**Alternatively, personal jurisdiction is proper under Rule 4(k)(2).**</u>

"Rule 4 [of the Federal Rules of Civil Procedure] is the starting point for any personal jurisdiction analysis in federal court." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009).

Rule 4(k)(2) "was adopted to provide a forum for federal claims in situations where a **foreign defendant lacks substantial contacts with any state** but has sufficient contacts with the United States as a whole to satisfy due process standards and justify the application of federal

6

laws." *Merial Ltd. v. Cipla, Ltd.*, 681 F.3d 1283, 1293-94 (Fed. Cir. 2012) (citing Synthes, 563 F.3d at 1295-95; advisory committee notes to the 1993 amendment establishing Rule 4(k)(2)). In full, Rule 4(k)(2) provides: "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."

In this case, the first requirement under Rule 4(k)(2) is uncontested – whether Plaintiff's claim arises under federal law. Pursuant to 28 U.S.C. § 1338(a), a federal district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. . . ."

For the second requirement, the specific inquiry is Defendants' jurisdiction in any state's courts of general jurisdiction. As detailed above, Defendants appear to be all foreign aliases operating out of the nation of China or other foreign nation or otherwise appear to list fictitious business names and/or addresses that to not correspond to the alias or business name, respectively. As such, at this time, Defendants appear to not be subject to any state's courts of general jurisdiction. As such, this Court is entitled to use Rule 4(k)(2).

As described above, Defendants' webpages are purely commercial in nature, directed to the U.S. and Illinois, are in English, and accept USD as their primary source of payment. It is abundantly clear the intention of these fictitious aliases operating in the U.S. marketplace: commercial activity. Here, none of the Defendants appear to have any substantial contacts with any one particular state.

Indeed, Rule 4(k)(2) is fitting under these circumstances. *See Silver Ring Splint Co. v. Digispint, Inc.*, Civ. No. 306-CV-00065, 2007 U.S. Dist. LEXIS 25522, 2007 WL 1052488, at *3

(W.D. Va. Apr. 5, 2007) ("[A] foreign entity purposefully avails itself of the protection of U.S. law by directing activity towards the country at large, but, because contact is divided by 50, does not reach a jurisdictional level of contact with any individual state. **The rule is particularly well suited to website cases such as this one. Rare is the non-U.S. website that vigorously pursues customers in only a single state**; many do not even acknowledge the existence of individual states. Yet **it would be unjust to escape jurisdiction in U.S. courts** for violations of U.S. law by those who seek its protection in other contexts.") Similarly, all Defendants appear to be foreign, fictious aliases who seek to receive the benefit of operating in the U.S. – taking U.S. funds back to foreign jurisdictions from illicit commercial activity. All Defendants appear to target all 50 states in an equal manner. Rule 4(k)(2) was adopted for situations akin to this.

To note, for those Defendants who may contend only sales of Infringing Products to other states, if they "contend[] that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Merial, Ltd. v. Cipla, Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012). Here, no Defendants have identified where suit is possible. Even more, in anticipation of some Defendants attempting to name arbitrary states, Defendants "cannot defeat Rule 4(k)(2) by simply naming another state; the defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." *Id*. Plaintiff respectfully submits that to hold otherwise would allow foreign, fictitious aliases to simply forum shop and evade justice for their U.S. marketplace interference.

Finally, to note for Defendants who may contend no sales of Infringing Products, Rule 4(k)(2) remains applicable. The alleged lack of sales of Infringing Products does not negate the infringing, affirmative actions of Defendants, the harm to Plaintiff, nor help Defendants evade

liability. Rather, as described above, such Defendants are not subject to any state court's general jurisdiction and as a result, Rule 4(k)(2) is applicable. In fact, Plaintiff respectfully submits that to hold otherwise would effectively hold that no proper forum in the U.S. exists for U.S. intellectual property holders to hold foreign aliases accountable for their offering for sale of infringing products in the U.S. – which by definition, is federal patent infringement.

For the third requirement, Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). In deciding whether due process permits the exercise of personal jurisdiction under Rule 4(k)(2), courts consider whether "(1) defendant has purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* at 1297.

For the first element, as alleged in Plaintiff's Amended Complaint, Defendants offer to sell and stand ready, willing, and able to sell and ship Infringing Products to residents of the forum (the United States). *See* Exhibit B to Plaintiff's Amended Complaint. As described in detail above, Defendants have specifically chosen to offer Infringing Products to residents of the United States for monetary gain. Defendants were not required to offer for sale and shipment Infringing Products to the U.S. Defendants could operate on such platforms or other platforms in foreign jurisdictions only. They did not. As discussed above, Defendants – appearing to be located in China or other foreign jurisdiction – affirmatively chose the United States to offer for sale and shipment products that infringe U.S. intellectual property. Even more, Defendants' sites are in English and accept USD. Defendants' sites are not merely passive, but purely commercial in nature. Indeed, Defendants "purposely directed" their activities at residents of the U.S.

9

For the second element, Plaintiff's claims arise out of and/or relate to Defendants' activities with the United States. Plaintiff's claims include infringement of a U.S. patent, in the United States. This claim by Plaintiff relates to Defendants' activities within the United States, specifically, all relate to them: opening an online marketplace accessible to U.S. residents, operating these marketplaces in the U.S. under anonymous aliases, and offering for sale and standing ready, willing, and able to sell and ship products infringing a U.S. patent, in the U.S., to U.S. residents. Here, Defendants specifically sought to receive financial gain from U.S. residents by selling products that infringe U.S. property rights, in the U.S., all with the end goal of controlling the United States' free market, at the detriment of the United States' government, its citizens, and Plaintiff. Plaintiff's claim relates to Defendants' activities in the United States.

For the third element, courts consider "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiffs interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive policies." *Synthes*, 563 F.3d at 1299 (citing *Burger King*, 471 U.S. at 477).

First, courts "have recognized that progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Touchcom, Inc.*, 574 F.3d at 1417. While at first it may seem like a burden on foreign Defendants to defend this Lawsuit in the U.S.; Defendants are operating purely commercial, interactive stores in the U.S., in English, and accepting USD. This includes creating U.S. sites in English, managing and responding to any questions or issues with their U.S. listing(s), organizing freight and storage of products in or to the U.S., and otherwise managing a business in the U.S., inclusive of taxes and other basic business operations. In other words, Defendants would not be operating and directing their commercial

10

activity in the United States if the burden of operating in the U.S. was large. Second, this Court has an interest in adjudicating this dispute because it involves U.S. property rights – a patent. The validity and attempted enforcement of the patent against anonymous seller aliases operating abroad to offer for sale, sell, and ship infringing products into the United States concerns the U.S. patent system as a whole and the U.S. marketplace, thereby affecting U.S. citizens. Third, Plaintiff has much interest in obtaining convenient and effective relief, whereas other foreign jurisdictions will be unable to grant the relief sought by Plaintiff (i.e. enforcement of a U.S. patent in the United States marketplace). The federal court system in the United States is the only forum for Plaintiff to seek relief. Fourth, as discussed above, the United States is the most efficient forum for Plaintiff's claims. Foreign jurisdictions are not as interested as the United States when the issue concerns the infringement and validity of an U.S. patent due to infringement in the U.S. marketplace. Fifth, the United States has a cognizable policy interest in regulating and enforcing the rights granted by the United States Patent and Trademark Office. Patents have a substantial impact on the U.S. marketplace, affecting U.S. citizens and entities. As a result, based on the factors outlined above, personal jurisdiction is reasonable and fair.

In sum, Defendants are subject to personal jurisdiction under Rule 4(k)(2). Plaintiff's claims arise under federal law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction (and they have not provided any information to the contrary), and exercising jurisdiction is consistent with the United States Constitution and laws. Rule 4(k)(2) was made for this and allowing Defendants to circumvent jurisdiction essentially renders no forum available for Plaintiff to hold foreign aliases, infringing U.S. intellectual property, in the U.S., accountable.

    **C.**    **In any event, Plaintiff has plead a colorable basis for personal jurisdiction and discovery is warranted.**

In the Seventh Circuit, "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Here, "the plaintiff must advance proof to a reasonable probability of the facts necessary to establish personal jurisdiction." *Marks v. Worldwide Robotic Automated Parking, LLC*, 2017 U.S. Dist. LEXIS 108518, 2017 WL 2985757, at *3 (N.D. Ill. 2017) (internal quotations omitted).

As described above, Plaintiff's Amended Complaint alleges that Defendants are partnerships, individuals, and/or unincorporated associations operating as fictitious seller aliases on online platforms who target sales to Illinois residents by setting up and operating interactive "storefronts" under aliases via online retail website(s); Defendants target Illinois consumers by advertising, offering to sell, and standing ready, willing and able to sell and ship Infringing Products to the United States, including Illinois; and provided screenshot evidence corroborating such well-plead allegations, showing each Defendant does stand ready, willing, and able to sell and ship Infringing Products to Illinois, and that with one click, each Defendant can (and six Defendants actually have) completed such offers for sale. *See* Plaintiff's Amended Complaint at ¶¶ 33-34, 68-69; *See also* Exhibits B.1-B.2, C to Plaintiff's Amended Complaint; *See also* Exhibit A.

Indeed, a court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Plaintiff has provided proof that each Defendant is offering for sale Infringing Products in the Illinois. Further, Plaintiff has provided proof that each Defendant stands ready,

willing and able to sell and ship Infringing Products to Illinois. Finally, Plaintiff has provided proof that Defendants will sell and/or ship their Infringing Products to Illinois, evidenced through six test purchases. The proof of these actions, along with all of Plaintiff's well-pleaded allegations, establish a reasonable probability of personal jurisdiction.

Therefore, Plaintiff respectfully submits that if this Court does not find Plaintiff's previous arguments persuasive, limited, jurisdictional discovery from third parties is warranted to confirm at least a partial scope of Defendants' forum-directed activities.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that this Court may exercise personal jurisdiction over each seller alias because each affirmatively directed their infringing activities at this forum by offering the Infringing Products for sale in the U.S., to U.S. consumers, including consumers in Illinois. At a minimum, Plaintiff submits personal jurisdiction is independently established as to those Defendants from whom Plaintiff completed test purchases. Alternatively, because Defendants appear to be foreign aliases who purposefully exploited the U.S. market and are not subject to jurisdiction in any single state, personal jurisdiction is proper under Rule 4(k)(2). Finally, in any event, the well-pleaded allegations of the Amended Complaint, together with the concrete evidence, establish a colorable basis for personal jurisdiction and warrant limited, expedited discovery at this preliminary stage.

DATED January 29, 2026 

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341

Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*