# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **XINGSHAO LI,** | |
| Plaintiff, | |
| v. | Civil Action No.: 26-cv-95 |
| | Honorable Judge Matthew F. Kennelly |
| **THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | |
| Defendants. | |

## DEFAULT JUDGMENT ORDER AS TO CERTAIN DEFENDANTS

This action having been commenced by Plaintiff Xingshao Li ("PLAINTIFF") against the Individuals, Partnerships, and Unincorporated Associations as delineated on Schedule A to Plaintiff's Amended Complaint ("Defendants"), and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A to the Amended Complaint (the "Defendant Internet Stores"), and PLAINTIFF having moved for entry of Default and Default Judgment against the Defendants identified on Schedule A attached hereto who have not yet been dismissed from this case or otherwise plead ("Defaulting Defendants");

PLAINTIFF having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and/or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections. The Court finds that such service was constitutionally sufficient, satisfies the requirements of due

process and Federal Rule of Civil Procedure 4, and that Defaulting Defendants had notice of this action sufficient to support the entry of this Judgment; and

Defaulting Defendants not having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Amended Complaint are uncontroverted and are deemed admitted.

This Court finds that it has personal jurisdiction over each and every Defaulting Defendant. Defaulting Defendants purposely directed their infringing business activities toward consumers in the United States, including Illinois. Specifically, PLAINTIFF has provided a basis — including screenshot evidence filed at Docket No. [6] — to conclude that Defaulting Defendants are from foreign jurisdictions and have purposely directed their infringing activities at Illinois residents by setting up and operating e-commerce stores using one or more seller aliases that are conducted in English, accept USD, are purely commercial and interactive in nature rather than passive, and are configured to offer and ship products infringing PLAINTIFF's federally registered patent US D1,052,361 (the "PLAINTIFF Patent") to United States consumers, including those in Illinois. Critically, Defaulting Defendants — located in foreign jurisdictions and under no compulsion to do so — affirmatively and voluntarily chose the United States, including Illinois, as a target market, deliberately structuring their e-commerce stores to reach United States consumers and to stand ready, willing, and able to fulfill orders to Illinois, and as evidenced on the record, have sold and shipped such infringing products to Illinois. Defaulting Defendants' affirmative decision to configure their stores to solicit and serve the United States, including Illinois, consumers — when they were not required to do so — constitutes purposeful direction at this forum. The Court further finds that the claims in this action arise directly out of and relate to Defaulting Defendants' forum-

directed infringing activities, and that the exercise of personal jurisdiction is reasonable and consistent with traditional notions of fair play and substantial justice.

A list of the PLAINTIFF Patent is included in the below chart.

| Patent Number | Title | Date of Patent |
|---|---|---|
| US D1,052,361 | CHOCOLATE BAR MOLD | November 26, 2024 |

This Court further finds that Defaulting Defendants are liable for willful federal patent infringement arising under 35 U.S.C. §§ 271, 281, and 284 – 85.

Accordingly, this Court orders that PLAINTIFF's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the PLAINTIFF Patent or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Patent;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not

PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF Patent;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which incorporate the PLAINTIFF Patent, infringing versions, or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at PLAINTIFF's choosing:

a. transfer the Defendant Domain Names to PLAINTIFF's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of PLAINTIFF's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of PLAINTIFF's selection; or

b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Walmart, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the PLAINTIFF Patent; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PLAINTIFF Patent or any reproductions, infringing copies or colorable imitations thereof that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Patent.

4. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the PLAINTIFF Patent.

5. Pursuant to 35 U.S.C. § 284, PLAINTIFF is awarded compensatory damages from each of the Defaulting Defendants, including for willful infringement of PLAINTIFF's Patent on products sold through at least the Defendant Internet Stores, as follows:

   a. $30,000.00 from Defendant Hewomate;

   b. $315,000.00 from Defendant HKNMTT;

   c. $121,000.00 for Defendant ROMINVIC; and

   d. $21,000.00 for Defendant SIDOSIR.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Walmart, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the compensatory damages awarded in Paragraph 5 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the compensatory damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Walmart, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to PLAINTIFF as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Walmart, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to PLAINTIFF the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until PLAINTIFF has recovered full payment of monies owed to it by Defaulting Defendants, PLAINTIFF shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that PLAINTIFF identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PLAINTIFF may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

Dated: 4/15/2026

Judge Matthew F. Kennelly
United States District Judge

**Schedule A – Defaulting Defendants**

| No. | Defendant / Seller Alias | Seller ID | Platform |
|---|---|---|---|
| 11 | Hewomate | A15YD5CROZYAC7 | Amazon |
| 12 | HKNMTT | A15J5FCDQPVSDU | Amazon |
| 20 | ROMINVIC | A2I60LNIGD9978 | Amazon |
| 23 | SIDOSIR | A2V9GEZLUZGH87 | Amazon |